MODERN FINANCE COMPANY v. ENMEN.

[Cite as Modern Finance Co. v. Enmen (1970), 25 Ohio Misc. 216.]

(No. 9976—Decided September 23, 1970.)

Municipal Court of Lancaster.

*Mr. W. C. Dagger*, for plaintiff.
*Mr. H. James Stevenson*, for defendant.

JACKSON, J. This is an original action on a promissory note where the mortgaged property had been sold and a deficiency judgment in the amount of $217.56 was entered for the plaintiff. The defendant then filed a motion to vacate and an answer was tendered. The motion was sustained and the answer filed.

The matter came on for hearing on an agreed set of facts which admitted the note as attached to the petition

and that the balance due and the signatures thereon were correct. Further, that the names given on the note and security agreement given the plaintiff were James K. Enmen and Alice Enmen, that the address given was 1040½ South Broad Street, Lancaster, Ohio, and that the security agreement was dated August 19, 1969. It was stipulated that one envelope containing the ten-day notice required to be sent by R. C. 1319.07 advising the parties of the sale date of the mortgaged property, etc., was sent to "Mr. and Mrs. James K. Enmen" at 1040½ South Broad Street, Lancaster, Ohio, by certified mail on February 20, 1970, and was signed for on February 24, 1970, as follows: "Mr. and Mrs. James K. Enmen," and underneath said names appears the signature "James K. Enmen." It was further agreed that on February 20, 1970, and February 24, 1970, James K. Enmen and Alice Enmen, who were husband and wife, were in fact living separate and apart and that Alice Enmen did not live at the address set forth in the security agreement. Further, that the plaintiff at no time had notice of any change of address for Alice Enmen. It was not stipulated as a matter of fact, but was agreed that if Alice Enmen were to testify, she would state that she had left a forwarding address at the post office.

The answer of the defendant raises the question whether the notice sent by the plaintiff to Mr. and Mrs. James K. Enmen was adequate.

R. C. 1319.07, provides in pertinent part that:

"This section does not apply if the mortgagee . . . gives at least ten days' written notice to the mortgagor, . . . personally, or by mailing to him by registered mail, at the address of the mortgagor given in the mortgage . . ."

In *Welfare Finance Co.* v. *Unger*, 14 Ohio Ops. 2d 175, the second headnote reads:

"The legislative intent of Section 1319.07, Revised Code, is against deficiency, and the statute must be construed so as to give effect to that intendment."

In *Associates Discount* v. *Barstow*, 30 Ohio Ops. 2d 463, the second headnote states:

"Only by strict compliance with the notice requirements of the latter part of R. C. 1319.07 can the prohibi-

tion be avoided and the mortgage creditor pursue or collect a deficiency."

It is clear that R. C. 1319.07 provides that notice must be given in writing to the mortgagor, personally or by being mailed to said mortgagor within a specified time, in order that a deficiency judgment be granted against the mortgagor.

In interpreting this section, the courts have required the statute be complied with to the letter before a deficiency judgment is granted and this court has no quarrel with this approach.

The indebtedness in the instant case was incurred by "James K. Enmen and Alice Enmen," not by "Mr. and Mrs. James K. Enmen." With this premise, the court must then decide whether a notice sent to "Mr. and Mrs. James K. Enmen" is or is not sufficient notice to "Alice Enmen" under the provisions of R. C. 1319.07. If we strictly interpret R. C. 1319.07, as applied to the facts in this case, it is clear that Alice Enmen did not receive a notice of the hearing as required by law, nor was she personally served with said notice. The evidence also shows that had a notice been sent to Alicen Enmen at the address set forth in the mortgage, the notice would have been forwarded by the post office in accordance with her instructions for forwarding mail.

It logically follows that had the mortgagee strictly complied with the language of the Code and sent a separate notice to Alice Enmen, as she is one of the persons who signed the mortgage, she would have received said notice and would have been able to better represent herself had she desired to attend the sale of the mortgaged property.

It is the opinion of the court that when an indebtedness is incurred by two individuals, assuming that they are husband and wife, notice sent in compliance with R. C. 1319.07 to "Mr. and Mrs." followed by the husband's name and signed for by the husband is not sufficient statutory notice to the wife who signed the mortgage to permit the mortgagee to obtain a deficiency judgment against said wife.

*Judgment accordingly.*